## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHY BROWN, Individually and as the
Administratrix for the ESTATE OF
TRAVIS BROWN

        Plaintiff

    v.

JAGDISH DHILLON, JOGINDER GILL,
FLEETEX TRANSPORT LTD.,
GURDEEP SINGH, SHERU DHILLON
TRANSPORT INC., and
GIGG EXPRESS INC.

        Defendants.

CIVIL NO.

JURY TRIAL DEMANDED

## COMPLAINT

AND NOW, comes the Plaintiff, Kathy Brown, individually and as the Administratrix for the Estate of Travis Brown, by and through his undersigned counsel, and files the within Complaint in Civil Action, and in support thereof avers as follows:

### PARTIES, VENUE AND JURISDICTION

1.     Plaintiff Kathy Brown ("Plaintiff") is an adult individual, who resides at 559 La Jardin, Edgewater, Florida 32141, and is the Administratrix of the Estate of Travis Brown ("Plaintiff's decedent").

2.     Defendant Jagdish Dhillon ("Defendant Dhillon") is an adult individual, who resides at 9 Grove End Way, Brampton, Ontario L6R 4A2, Canada.

3.     Defendant Joginder Gill ("Defendant Gill") is an adult individual, who resides at 45 Bellflower Lane, Brampton, Ontario L6S 6K1, Canada.

4.     Defendant Fleetex Transport Ltd. ("Fleetex"), is a Canadian business entity with its headquarters at 30 Simona Drive, Bolton, Ontario L7E 4E8, Canada.

5.    At all relevant times, Defendant Dhillon was the agent, servant, workman and/or employee of Fleetex, and was operating a tractor-trailer in the course and scope of his employment.

6.    At all relevant times, Defendant Dhillon was employed and/or contracted to perform services for and was operating a tractor-trailer for Fleetex under Fleetex's U.S. Department of Transportation ("USDOT") operating authority and was subject to their supervision, control and/or right to control, such that Fleetex should be considered Defendant Dhillon's actual and statutory employer and therefore vicariously liable for Defendant Dhillon's negligence and recklessness.

7.    At all relevant times, Defendant Gill was the agent, servant, workman and/or employee of Fleetex, and was operating a tractor-trailer in the course and scope of his employment.

8.    At all relevant times, Defendant Gill was employed and/or contracted to perform services for and was operating a tractor-trailer for Fleetex under Fleetex's USDOT operating authority and was subject to their supervision, control and/or right to control, such that Fleetex should be considered Defendant Gill's actual and statutory employer and therefore vicariously liable for Defendant Gill's negligence and recklessness.

9.    Defendant Gurdeep Singh ("Defendant Singh") is an adult individual, who resides at 89 Grandville Circle, Paris, Ontario N3L 0J5, Canada.

10.    Defendant Sheru Dhillon Transport Inc. ("SDT") is a Canadian business entity with its headquarters at 6 Honeycreek Court, Brampton, Ontario L6P 2X1, Canada.

11.    Defendant GIGG Express Inc. ("GIGG Express") is a Canadian business entity with its headquarters at 5355 Creekbank Road, Mississauga, Ontario L4W 5L5, Canada.

12.    At all relevant times, Defendant Singh was the agent, servant, workman and/or employee of SDT and/or GIGG Express and was operating a tractor-trailer in the course and scope

2

of his employment.

13.    At all relevant times, Defendant Singh was employed and/or contracted to perform services for and was operating a tractor-trailer for SDT and/or GIGG Express under SDT and/or GIGG Express's USDOT operating authority and was subject to their supervision, control and/or right to control, such that SDT and/or GIGG Express should be considered Defendant Singh's actual and statutory employer and therefore vicariously liable for Defendant Singh's negligence and recklessness.

14.    Upon information and belief, at all relevant times, SDT and GIGG Express were engaged in the joint undertaking of a particular transaction for mutual profit, mutual control, mutual contribution and this joint undertaking was memorialized in a contract.

15.    Upon information and belief, at all relevant times, SDT and GIGG Express acted as a joint venture for the transportation of goods in interstate commerce.

16.    At all relevant times, the Federal Motor Carrier Safety Regulations ("FMCSR") applied to all defendants.

17.    This Court has jurisdiction, pursuant to 28 U.S.C. § 1332, based upon the following: Plaintiff is a citizen of Florida; Defendants Dhillon, Gill, and Singh are each citizens of Canada; Defendants Fleetex, SDT, and GIGG Express are each Canadian business entities with their principal places of business in Canada; and, the amount in controversy well exceeds $75,000.

18.    Venue is proper in this District, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Allegheny County, Pennsylvania, which is located within the Western District of Pennsylvania.

## FACTUAL BACKGROUND

19.    On October 15, 2025, at approximately 3:09 AM, Plaintiff's decedent was operating a motor vehicle traveling northbound on Interstate 79, near mile marker 50.2, in South

Fayette Township, Allegheny County, Pennsylvania.

20.    According to the Pennsylvania State Police Crash Report ("Crash Report"), on the same date, place and time, Defendant Singh had illegally stopped and parked the SDT and GIGG Express tractor-trailer on the eastern berm/shoulder of northbound I-79 and had been in the sleeper area of the tractor-trailer since approximately 11:30 PM on October 14, 2025.

21.    Defendant Singh parked the SDT and GIGG Express tractor-trailer on the shoulder, knowing that it was illegal to do so, as evidenced by the "Keep Off Shoulder" sign that Defendant Singh passed immediately before parking the SDT and GIGG Express tractor-trailer, as depicted in Paragraph 28.

22.    Defendant Singh parked the SDT and GIGG Express tractor-trailer on the shoulder and just inches off the road, as shown in the following image:



23. Defendant Singh failed to place warning devices, such as warning triangles, behind the SDT and GIGG Express tractor-trailer, in violation of FMCSR § 392.22.

24. According to the Crash Report, on the same date, place and time, Defendant Dhillon and Defendant Gill, who were team-driving the Fleetex tractor-trailer, illegally stopped and parked the Fleetex tractor-trailer on the eastern shoulder of northbound I-79 to switch drivers, having done so since approximately 2:50 AM.

25. The Fleetex tractor-trailer, operated by Defendant Dhillon and Defendant Gill, was parked on the eastern shoulder directly behind the SDT and GIGG Express tractor-trailer, operated by Defendant Singh.

26. According to the Crash Report, Defendant Dhillon was going in-service at the time of the collision.

27. According to the Crash Report, Defendant Gill was going out-of-service at the time of the collision.

28. Defendant Dhillon and Defendant Gill knowingly and unlawfully parked the Fleetex tractor-trailer on the shoulder, in violation of posted signage prohibiting such conduct, as evidenced by the "Keep Off Shoulder" sign located adjacent to where the Fleetex tractor-trailer was parked, as shown in the following image:



29.    Defendant Dhillon and Defendant Gill parked the Fleetex tractor-trailer on the shoulder, just inches from the right travel lane, as shown in the following image:



30.    Defendant Dhillon and Defendant Gill failed to place warning devices, such as warning triangles, behind the Fleetex tractor-trailer, in violation of FMCSR § 392.22.

31.    At all material times, Plaintiff's decedent was traveling in the right travel lane.

32.    According to the Crash Report, Plaintiff's decedent's vehicle struck the left rear of the Fleetex tractor-trailer, which was illegally parked on the eastern shoulder, and then spun into the rear of the SDT and GIGG Express tractor-trailer, which was also illegally parked on the eastern shoulder.

33.    As a result of the significant impact, Plaintiff's decedent suffered serious and permanent injuries and was pronounced dead at the scene.

## COUNT I
### NEGLIGENCE/RECKLESSNESS
### KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. JAGDISH DHILLON AND JOGINDER GILL

34.     The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

35.     On the aforementioned date, place and time, Defendant Dhillon and Defendant Gill, individually, jointly and severally, and as the agent, servant, workman and/or employee of Fleetex, operated their tractor-trailer in a negligent/reckless manner such that Defendant Dhillon's and Defendant Gill's conduct was a legal and factual cause in bringing about the serious and painful injuries and damages to Plaintiff's decedent.  The negligence/recklessness of Defendant Dhillon and Defendant Gill consisted of:

   a. Consciously choosing to unlawfully stop and park the tractor-trailer on the shoulder of the road in violation of 67 Pa. Code § 601.6 and FMCSR § 392.22;

   b. Knowingly parking the tractor-trailer despite clearly visible signage stating "Keep Off Shoulder";

   c. Knowingly parking the tractor-trailer on the shoulder without utilizing emergency triangles and despite knowing this created a higher risk of injuring the motoring public;

   d. Knowingly parking the tractor-trailer on the shoulder for more than ten minutes without utilizing emergency triangles and despite knowing this was a violation of the FMCSRs and could cause significant injury and/or death; and,

   e. Acting in conscious disregard for the rights and safety of Plaintiff's decedent.

36.     As a direct and proximate cause of the negligence and/or recklessness of Defendant Dhillon and Defendant Gill, Plaintiff's decedent suffered the following injuries:

   a. Multiple traumatic injuries; and

   b. Death.

37.     As a result of the aforesaid injuries, Plaintiff's decedent required emergency

7

medical treatment.

38. As a result of the aforesaid injuries, Plaintiff's decedent sustained physical and mental pain and suffering.

39. As a result of the aforesaid injuries, Plaintiff's decedent sustained a loss of the everyday pleasures and enjoyments of life.

40. As a result of the aforesaid injuries, Plaintiff's decedent has been obligated to expend various sums of money and incur various expenses for medical treatment.

41. As a result of the aforesaid injuries, Plaintiff's decedent suffered from scarring and disfigurement.

42. As a result of the aforesaid injuries, Plaintiff's decedent sustained an impairment of his earning capacity/potential.

**WHEREFORE**, Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from Defendant Dhillon and Defendant Gill, in an amount in excess of $75,000.

**COUNT II**
**NEGLIGENCE/RECKLESSNESS**
**KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. FLEETEX TRANSPORT LTD., as being vicariously liable for Jagdish Dhillon and Joginder Gill**

43. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

44. The negligence and/or recklessness of Fleetex, as being vicariously liable for the actions of Defendant Dhillon and Defendant Gill, consisted of:

    a. Consciously choosing to unlawfully stop and park the tractor-trailer on the shoulder of the road in violation of 67 Pa. Code § 601.6 and FMCSR § 392.22;

    b. Knowingly parking the tractor-trailer despite clearly visible signage stating "Keep Off Shoulder";

c.  Knowingly parking the tractor-trailer on the shoulder without utilizing emergency triangles and despite knowing this created a higher risk of injuring the motoring public;

d.  Knowingly parking the tractor-trailer on the shoulder for more than ten minutes without utilizing emergency triangles and despite knowing this was a violation of the FMCSRs and could cause significant injury and/or death; and,

e.  Acting in conscious disregard for the rights and safety of Plaintiff's decedent.

45.    As a result of the above-stated acts and omissions, Plaintiff's decedent suffered such harm as has been previously stated herein.

**WHEREFORE,** Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from Fleetex, as being vicariously liable for the actions of Defendant Dhillon and Defendant Gill, in an amount in excess of $75,000.00.

**COUNT III**
**NEGLIGENT and/or RECKLESS HIRING/RETENTION/SUPERVISION**
**KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. FLEETEX TRANSPORT LTD.**

46.    The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

47.    Fleetex had an obligation/duty to hire, retain and supervise drivers who operate their commercial motor vehicles in a safe manner.

48.    Plaintiff's decedent was injured as a result of an incident related to Defendant Dhillon and Defendant Gill's operation of Fleetex's commercial motor vehicle, more specifically, Defendant Dhillon and Defendant Gill's unsafe operation of Fleetex's commercial motor vehicle.

49.    The negligence, carelessness and/or recklessness of Fleetex, individually and through its various employees, servants, agents and/or workmen including, but not limited to Defendant Dhillon and Defendant Gill, consisted of, but is not limited to the following:

a.  Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Dhillon and Defendant Gill;

9

b. Failing to train and/or properly train Defendant Dhillon and Defendant Gill prior to allowing Defendant Dhillon and Defendant Gill to operate its commercial motor vehicles;

c. Allowing Defendant Dhillon and Defendant Gill to operate a commercial motor vehicle in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

d. Failing to adopt appropriate employee manuals and/or training procedures;

e. Failing to implement and/or enforce an effective safety system;

f. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSR;

g. Failing to monitor and/or regulate its drivers' actions;

h. Failing to monitor and/or regulate its drivers' training;

i. Consciously choosing not to train its drivers on the dangers of illegally parking a commercial motor vehicle on the side of the road despite knowing the increased risk of harm its failure to act created; and

j. Acting with a conscious disregard for the rights and safety of Plaintiff's decedent.

50. As a result of the above-stated acts and omissions, the Plaintiff's decedent suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from Fleetex, in an amount in excess of $75,000.00.

**COUNT IV**
**NEGLIGENCE/RECKLESSNESS**
**KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. GURDEEP SINGH**

51. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

52. On the aforementioned date, place and time, Defendant Singh, individually, jointly

and severally, and as the agent, servant, workman and/or employee of SDT and/or GIGG Express, operated their commercial motor vehicle in a negligent/reckless manner such that Defendant Singh's conduct was a legal and factual cause in bringing about the serious and painful injuries and damages to Plaintiff's decedent. The negligence/recklessness of Defendant Singh consisted of:

    a. Consciously choosing to unlawfully stop and park the tractor-trailer on the shoulder of the road in violation of 67 Pa. Code § 601.6 and FMCSR § 392.22;

    b. Knowingly parking the tractor-trailer despite clearly visible signage stating "Keep Off Shoulder";

    c. Knowingly parking the tractor-trailer on the shoulder without utilizing emergency triangles and despite knowing this created a higher risk of injuring the motoring public;

    d. Knowingly parking the tractor-trailer on the shoulder for more than ten minutes without utilizing emergency triangles and despite knowing this was a violation of the FMCSRs and could cause significant injury and/or death; and,

    e. Acting in conscious disregard for the rights and safety of Plaintiff's decedent.

53. As a result of the above-stated acts and omissions, the Plaintiff's decedent suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from Defendant Singh, in an amount in excess of $75,000.00.

**COUNT V**
**NEGLIGENCE/RECKLESSNESS**
**KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. SHERU DHILLON TRANSPORT INC.,**
**as being vicariously liable for Gurdeep Singh**

54. The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

55. The negligence and/or recklessness of SDT, as being vicariously liable for the actions of Defendant Singh, consisted of:

a.  Consciously choosing to unlawfully stop and park the tractor-trailer on the shoulder of the road in violation of 67 Pa. Code § 601.6 and FMCSR § 392.22;

b.  Knowingly parking the tractor-trailer despite clearly visible signage stating "Keep Off Shoulder";

c.  Knowingly parking the tractor-trailer on the shoulder without utilizing emergency triangles and despite knowing this created a higher risk of injuring the motoring public;

d.  Knowingly parking the tractor-trailer on the shoulder for more than ten minutes without utilizing emergency triangles and despite knowing this was a violation of the FMCSRs and could cause significant injury and/or death; and,

e.  Acting in conscious disregard for the rights and safety of Plaintiff's decedent.

56.  As a result of the above-stated acts and omissions, Plaintiff's decedent suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from SDT, as being vicariously liable for the actions of Defendant Singh, in an amount in excess of $75,000.00.

### COUNT VI
### NEGLIGENCE/RECKLESSNESS
**KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. GIGG EXPRESS INC., as being vicariously liable for Gurdeep Singh**

57.  The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

58.  The negligence and/or recklessness of GIGG Express, as being vicariously liable for the actions of Defendant Singh, consisted of:

a.  Consciously choosing to unlawfully stop and park the tractor-trailer on the shoulder of the road in violation of 67 Pa. Code § 601.6 and FMCSR § 392.22;

b.  Knowingly parking the tractor-trailer despite clearly visible signage stating "Keep Off Shoulder";

12

c.  Knowingly parking the tractor-trailer on the shoulder without utilizing emergency triangles and despite knowing this created a higher risk of injuring the motoring public;

d.  Knowingly parking the tractor-trailer on the shoulder for more than ten minutes without utilizing emergency triangles and despite knowing this was a violation of the FMCSRs and could cause significant injury and/or death; and,

e.  Acting in conscious disregard for the rights and safety of Plaintiff's decedent.

59.    As a result of the above-stated acts and omissions, Plaintiff's decedent suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from GIGG Express, as being vicariously liable for the actions of Defendant Singh, in an amount in excess of $75,000.00.

## COUNT VII
### NEGLIGENT and/or RECKLESS HIRING/RETENTION/SUPERVISION
**KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. SHERU DHILLON TRANSPORT INC. AND/OR GIGG EXPRESS INC.**

60.    The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

61.    SDT and/or GIGG Express had an obligation/duty to hire, retain and supervise drivers who operate their commercial motor vehicles in a safe manner.

62.    Plaintiff's decedent was injured as a result of an incident related to Defendant Singh's operation of SDT and/or GIGG Express's commercial motor vehicle, more specifically, Defendant Singh's unsafe operation of SDT and/or GIGG Express's commercial motor vehicle.

63.    The negligence, carelessness and/or recklessness of SDT and/or GIGG Express, individually and through its various employees, servants, agents and/or workmen including, but not limited to Defendant Singh, consisted of, but is not limited to the following:

a.  Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Singh;

13

b.  Failing to train and/or properly train Defendant Singh prior to allowing Defendant Singh to operate its commercial motor vehicles;

c.  Allowing Defendant Singh to operate a commercial motor vehicle in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

d.  Failing to adopt appropriate employee manuals and/or training procedures;

e.  Failing to implement and/or enforce an effective safety system;

f.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSR;

g.  Failing to monitor and/or regulate its drivers' actions;

h.  Failing to monitor and/or regulate its drivers' training;

i.  Consciously choosing not to train its drivers on the dangers of illegally parking a commercial motor vehicle on the side of the road despite knowing the increased risk of harm its failure to act created; and

j.  Acting with a conscious disregard for the rights and safety of Plaintiff's decedent.

64.  As a result of the above-stated acts and omissions, the Plaintiff's decedent suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from SDT and/or GIGG Express, in an amount in excess of $75,000.00.

## COUNT VIII
## WRONGFUL DEATH ACTION
## KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. ALL DEFENDANTS

65.  The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

14

66. Plaintiff brings this action on behalf of the Estate of Travis Brown, deceased, pursuant to Pennsylvania's Wrongful Death Act, 42 Pa. C.S.A. § 8301, and Pa. R.C.P. 2202, and claims all benefits on behalf of herself and other persons entitled to recover under law.

67. Plaintiff's decedent, Travis Brown, is survived by his minor daughter, J.B., his minor daughter, K.B., as well as his mother, Kathy Brown, and father, Todd Brown.

68. As a direct and proximate result of the foregoing, decedent Travis Brown's minor wrongful death beneficiaries have been, continue to be, and will in the future be deprived of his parental guidance, nurture, counsel, services, companionship, society, financial support and all other damages recoverable under the Wrongful Death Act.

69. As a direct and proximate cause of the careless, negligent, and reckless conduct of the Defendants, as set forth above, which is incorporated herein, Travis Brown's Wrongful Death beneficiaries suffered, are suffering, and will for an indefinite period of time into the future, suffer damages, injuries, and losses including but not limited to: a loss of financial support and the beneficiaries have been wrongfully deprived of the contributions they would have received from him including monies he would have provided for items such as clothing, food, shelter, medical care, education, entertainment, recreation and gifts.

70. As a direct and proximate result of the careless, negligent, and reckless conduct of the Defendants as set forth above, which is incorporated herein, Travis Brown's Wrongful Death beneficiaries have been caused to incur and pay various expenses for his funeral and other expenses related to his sudden death.

**WHEREFORE**, Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from the Defendants, in an amount in excess of $75,000.00.

15

## COUNT IX
## SURVIVAL ACTION
### KATHY BROWN, individually and as the Administratrix for the ESTATE OF TRAVIS BROWN v. ALL DEFENDANTS

71.    The preceding paragraphs are incorporated herein by reference as though fully set forth at length.

72.    Plaintiff brings this action on behalf of the Estate of Travis Brown, deceased, pursuant to Pennsylvania's Survival Act, 42 Pa. C.S.A. § 8302, and claims all benefits on behalf of herself and other persons entitled to recover under law.

73.    As a direct and proximate result of the careless, negligent and reckless conduct of the Defendants, as set forth above, which is incorporated herein, Plaintiff claims on behalf of the Estate of Travis Brown, all damages suffered by the Estate by the reason of death of Travis Brown, including but without limit the generality of the following: the severe injuries to Travis Brown which resulted in his death, the anxiety, horror, fear of impending death, mental disturbance, pain, conscious pain and suffering, and other intangible losses which Travis Brown suffered prior to his death; loss of wages/earning capacity; expenses for medical care; the loss and total limitation and deprivation of his normal activities, enjoyment of life, pursuits and life's pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained.

**WHEREFORE**, Plaintiff hereby seeks all damages allowed, in addition to punitive damages, from the Defendants, in an amount in excess of $75,000.00.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY:    /s/ K. Clancy Boylan
K. CLANCY BOYLAN, ESQUIRE
Two Gateway Center

16

603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
T: (215) 446-9795
F: (215) 446-9799
cboylan@forthepeople.com
PA ID No. 314117

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI, ESQUIRE
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
T: (412) 222-5530
F: (412) 222-5564
rebecca.silinski@forthepeople.com
PA ID No. 320774

Attorneys for Plaintiff

17

## VERIFICATION

I, <u>Kathy Brown, Individually an as the Administratix for the Estate of Travis BRown</u>

hereby certify that the facts contained in the foregoing Complaint, are true and correct to

the best of my knowledge, information and belief. I make this statement subject to the

penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 5/6/2026                                    *Kathy Brown*